IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| 55 BRAKE, L.L.C., | ) | |
| | ) | Case No. CV-08-177-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| AUDI OF AMERICA, INC.; BMW OF NORTH AMERICA, L.L.C.; FORD MOTOR COMPANY; HYUNDAI MOTOR AMERICA; LAND ROVER NORTH AMERICA, INC.; MERCEDES-BENZ USA, L.L.C.; VOLKSWAGEN GROUP OF AMERICA, INC.; AND VOLVO CARS OF NORTH AMERICA, INC., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

The Court's staff held a telephone conference with counsel on December 17, 2008, to mediate a discovery dispute. The Court will use this opportunity to clarify its intent regarding the scope of discovery prior to the *Markman* hearing. The Court is not foreclosing any party from filing a motion on these issues. The Court is simply explaining its intent behind the discovery schedule set forth in the Case Management Order (CMO).

**Memorandum Decision and Order – Page 1**

In setting the CMO's deadlines, the Court followed in large part the Patent Local Rules from the Northern District of California. However, the Court is not adopting that portion of Patent Local Rule 2-5 that contemplates broad discovery outside of *Markman* issues prior to the *Markman* hearing. The Court's intent is to limit discovery to the *Markman* issues prior to the *Markman* hearing. This is part of the Court's initiative to lower the costs of discovery by making that process more efficient. Generally, discovery on non-*Markman* issues will be more narrow and focused if it awaits the interpretation of claims that follows the *Markman* hearing. Moreover, the Court can typically give the parties an expeditious *Markman* hearing, so the wait to begin broad discovery will not be long. Obviously, unique circumstances may require an early expansion of discovery, and counsel remain free to move the Court to allow broader discovery, but those instances should be rare.

At the same time, because discovery is limited, the material required of the parties by the Case Management Order (CMO) cannot be deemed to be an exhaustive listing. For example, the CMO followed Patent Local Rule 3-1 in requiring plaintiff to disclose by December 19, 2008, its infringement contentions, and include a list of each infringing device "of which the party is aware." A plaintiff complies with Patent Local Rule 3-1 by "setting forth particular theories

**Memorandum Decision and Order – Page 2**

of infringement with sufficient specificity to provide defendants' with notice of infringement beyond that which is provided by the mere language of the patents themselves, [and this process] takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Network Caching Technology, LLC v. Novell, Inc.*, 2003 WL 21699799 at *5 (N.D.Cal. Mar. 21, 2003). Because those infringement contentions need not be "incontrovertible or presented in excruciating detail," *id.* at *5, there is typically no need to embark on full-scale discovery designed to produce an all-inclusive response.

The dispute here began when plaintiff served broad discovery requests on defendants. Such a request was arguably authorized under Patent Local Rule 2-5, and thus plaintiff's conduct was understandable given the Court's adherence to the Patent Local Rules in general.

For example, plaintiff served on the defendants an interrogatory asking them to list all vehicles made and sold since 2002 using the patented Electronic Parking Brake. Because the Court is limiting discovery to *Markman* issues, and the interrogatory goes beyond those issues, the Court would not generally permit such discovery. This means, however, that the plaintiff cannot be expected to provide an exhaustive list of infringing vehicles on December 19, 2008, but only a list of

**Memorandum Decision and Order – Page 3**

those "of which the party is aware."

Reading the complaint, it appears plaintiff has identified some "accused devices," even without the benefit of discovery, as is probably required by Rule 11. In its infringement contentions, plaintiff will link these accused devices to the patent's claims, describing how defendants are infringing the patent.

The Court understands that plaintiffs will be modifying their discovery requests to accord with this view of the Court. To clarify two others questions concerning the CMO that arose during the conference, the Court replies as follows:

(1)  In answer to the question whether parties could propound non-*Markman* discovery requests before the *Markman* issues are resolved, on the understanding that they would be answered after that resolution, the Court answers in the negative. Discovery requests on non-*Markman* issues may not be propounded until after resolution of *Markman* issues, except upon advance authorization by the Court.

(2)  While some deadline items now set in the CMO may not technically relate directly to the *Markman* issues, the Court will not modify those deadlines in the absence of a specific showing of need or prejudice by the parties.

**Memorandum Decision and Order – Page 4**

## ORDER

In accordance with the terms of this Memorandum Decision,

NOW THEREFORE IT IS HEREBY ORDERED, that plaintiffs shall modify their discovery requests to be limited to *Markman* issues and comply with this decision.



DATED: **January 5, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 5**