IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| 55 BRAKE, L.L.C., | ) | |
| | ) | Civ. No. 08-0177-S-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| AUDI OF AMERICA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by defendant Volkswagen. The Court heard oral argument on the motion and took it under advisement. For the reasons expressed below, the Court will deny the motion.

## STANDARD OF REVIEW

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the

**Memorandum Decision & Order - page 1**

"principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

In resolving Volkswagen's motion for summary judgment, the Court must view the evidence in a light most favorable to plaintiff 55 Brake, and cannot make credibility findings. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). The Court must be "guided by the substantive evidentiary standards that apply to the case." *Id.* at 255. In this case, involving claims of patent infringement, the patent is presumed valid. *See Moba B.V. v. Diamond Automation, Inc.,* 325 F.3d 1306 (Fed.Cir. 2003). Defendants must prove by clear and convincing evidence that the patent at issue is invalid. *Id*. Volkswagen concedes that these standards apply in this summary judgment proceeding, and that the '587 patent at issue is presumed valid and that Volkswagen must prove its contentions by clear and convincing evidence. *See Transcript of Summary Judgment Hearing* at p. 10.

## ANALYSIS

This action was brought by 55 Brake, alleging that defendants, including Volkswagen, infringed its patent, known here as the '587 patent. The '587 patent describes an "automatic brake control system" that "applies and maintains the brakes . . . when . . . conditions exist . . . that make vehicle movement dangerous."

**Memorandum Decision & Order - page 2**

*See '587 Patent Abstract.*

Defendant Volkswagen argues that the '587 patent is invalid as either anticipated or rendered obvious by the prior art.  Volkswagen cites two prior art references, known as the Bevins patent and the Morita patent, both of which were issued prior to the '587 patent.

A patent claim is invalid for anticipation if it is not novel; that is, if, for example, a single prior-art document describes every element of the claimed invention. *See, e.g., Seiko Epson Corp. v. Coretronic Corp.*, 633 F. Supp. 2d 931, 937 (N.D. Cal. 2009).  It is invalid for obviousness "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a).

Volkswagen supported its motion with a Declaration of its expert, Dr. A.J. Nichols.  Dr. Nichols testifies that "the combination of the Bevins patent and the Morita patent describe all the elements of all the asserted claims of the ['587] patent."  *See Dr. Nichols Declaration* at ¶ 35.

55 Brake responded with the Declaration of its expert, Dr. Hal Watson.  He observes that the '587 patent states that the Patent Examiner examined both the

**Memorandum Decision & Order - page 3**

Bevins and Morita patents before issuing the '587 patent. He comes to the opposite conclusion of Dr. Nichols, finding that "neither Bevins nor Morita, nor the combination of Bevins and Morita, describe all the elements of [the '587 patent]." *See Dr. Watson Declaration* at ¶ 28.

The expert declarations are both well-reasoned, and neither interprets the patent in a conclusory or unpersuasive manner. The matter is sufficiently complex that it cannot be resolved solely on a cold record that may not reveal important subtleties. Testimony is necessary. Accordingly, the Court cannot find that in this proceeding Volkswagen has shown by clear and convincing evidence that the '587 patent is invalid as either anticipated or rendered obvious. Consequently, the Court will deny Volkswagen's motion for summary judgment.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (docket no. 85) is DENIED.

DATED: **November 23, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - page 4**