IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| 55 BRAKE, L.L.C., | Civ. No. 08-0177-S-BLW |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER |
| AUDI OF AMERICA, INC., et al., | |
| Defendants. | |

**MEMORANDUM DECISION**

The Court has before it a stipulated motion requesting a bench trial on the issue of inequitable conduct. The parties want to vacate the jury trial now set for January 24, 2011, and have a bench trial on a single issue – inequitable conduct – after the Federal Circuit has issued its *en banc* ruling in *Therasense, Inc. v. Becton,* a ruling that might set new standards for inequitable conduct.

This stipulated proposal could substantially delay the final resolution of this case. If the Court agrees to hold a bench trial limited to the inequitable conduct issue, and finds no inequitable conduct, the Court would still need to set a jury trial

**Memorandum Decision & Order – page 1**

on the infringement issues. Instead of having all issues resolved by January of 2011 – as now contemplated – the case will be strung out long beyond that point. In addition, delaying the start of the bench trial until *Therasense* is decided will ensure that this case will be more than three years old when resolved.

On the other hand, the stipulated proposal offers significant cost savings to the parties if inequitable conduct is found. The current posture of the case requires counsel to prepare for all issues and incur costs that would be entirely wasted if the case turns on inequitable conduct.

The choice is a difficult one between saving time or saving money. The Court will choose the latter, but not abandon the former. In granting the stipulated motion, the Court will put counsel on notice that it intends to try the inequitable conduct issue immediately after *Therasense* is decided, and that if further litigation is required, it will be put on a fast track with no continuances.

To emphasize the need to adhere to a strict schedule, the Court is going to set the bench trial on the inequitable conduct issue for March 21, 2011. The Court recognizes that *Therasense* may not be decided by then, and that a continuance may be necessary. But this will at least reserve a spot on the Court's calendar in the event that *Therasense* is decided before that point. Counsel can move for a continuance before having to waste any preparation expense.

Counsel seek to vacate the Case Management Order. All fact discovery has been completed, but the expert disclosure deadlines have not yet all expired. The Court is concerned that after *Therasense* is decided, counsel may want an additional round of disclosure and discovery of the experts on the inequitable conduct issue. However, counsel did not discuss this in their stipulated motion, and so the Court is speculating here. At this point, the Court is going to maintain the expert disclosure deadlines for the inequitable conduct issue. The parties are free to file a motion if those deadlines are unworkable, but will need to persuade a reluctant Court if further delay is involved.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the stipulated motion requesting bench trial (docket no. 151) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED, that the Case Management Order (docket no. 111) is VACATED as to the following dates and deadlines: (1) the trial setting of January 24, 2011; (2) the expert disclosure deadlines on all issues other than inequitable conduct; (3) the filing deadline for dispositive motions on all issues other than inequitable conduct; and (4) the pretrial conference of January 11, 2011.

The deadlines for expert disclosures and dispositive motions will remain in effect as they apply to the inequitable conduct issue.

IT IS FURTHER ORDERED, that a bench trial be held on the single issue of inequitable conduct on **March 21, 2011**, at 8:30 a.m. in the Federal Courthouse in Boise, Idaho.

IT IS FURTHER ORDERED, that this trial date will be subject to continuance – upon a stipulated motion from counsel – if the *Therasense* case has not been decided. The Court intends to conduct the bench trial with guidance from *Therasense*.



DATED: **July 28, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge