MOFFATT, THOMAS, BARRETT,
   ROCK & FIELDS, CHARTERED
Stephen R. Thomas, ISB No. 2326
Tyler J. Anderson, ISB No. 6632
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701-0829
Telephone (208) 345-2000
Facsimile (208) 385-5384
srt@moffatt.com
tya@moffatt.com

KENYON & KENYON LLP
Michael J. Lennon
Mark A. Hannemann
Georg C. Reitboeck
One Broadway
New York, NY 10004-1007
Telephone (212) 425-7200
Facsimile (212) 425-5288
mlennon@kenyon.com
mhannemann@kenyon.com
greitboeck@kenyon.com

Susan A. Smith
1500 K Street, NW
Washington, DC  20005
Telephone: (202) 220-4200
Facsimile:  (202) 220-4201
ssmith@kenyon.com

Attorneys for Defendant
Volkswagen Group of America, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| 55 BRAKE, L.L.C., )<br><br>          Plaintiff, )<br><br>          v. )<br><br>AUDI OF AMERICA, INC., *et al.*, )<br><br>          Defendants. ) | **DEFENDANT VOLKSWAGEN GROUP OF AMERICA INC.'S SUPPLEMENT TO ITS OPPOSITION TO 55 BRAKE L.L.C.'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT**<br><br>Case No. CV 1:08-cv-00177-BLW |

**DEFENDANT VOLKSWAGEN'S SUPPLEMENT TO ITS OPPOSITION
TO 55 BRAKE'S MOTION FOR SUMMARY JUDGMENT OF
NO INEQUITABLE CONDUCT - 1**

During the December 8, 2010 hearing on 55 Brake's motion for summary judgment of no inequitable conduct, the parties and the Court discussed whether the foreign patent-office documents that 55 Brake withheld from the United States Patent and Trademark Office (PTO) could, as matter of law, be material information.  Footnote 7 on page 7 of 55 Brake's reply brief (Doc. 176) suggested this issue for the first time in the briefing.  Defendant Volkswagen Group respectfully submits this supplemental brief to further respond on this issue and to provide the Court with additional evidence of materiality:  a reexamination order and rejection issued by the United States patent office after the summary judgment hearing, on December 10, 2010.

Foreign patent-office documents are not as a class and as a matter of law immaterial to United States prosecution, because a reasonable U.S. examiner might want to consider them when examining a corresponding U.S. application.  *See, e.g., Inverness Med. Switzerland GmbH v. Acon Labs., Inc.*, 323 F. Supp. 2d 227, 249 (D. Mass. 2004).  For example, in the *Inverness* case, the court held that a revocation of a European counterpart patent for obviousness under the European Patent Convention was likely material, stating that "a reasonable patent examiner would have considered information that a combination of four prior art references invalidated the patent in Europe." *Id.*

The *Inverness* court reached this conclusion based on the reasoning in *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1367–68 (Fed. Cir. 2003), in which the Federal Circuit held that other patent examiners' rejections of substantially similar claims are material information in the inequitable-conduct context.  The Federal Circuit reaffirmed that holding in

**DEFENDANT VOLKSWAGEN'S SUPPLEMENT TO ITS OPPOSITION TO 55 BRAKE'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT - 2**

*McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 919–25 (Fed. Cir. 2007) and again in *Larson Mfg. Co. of S.D., Inc. v. Aluminart Prods. Ltd.*, 559 F.3d 1317, 1337–39 (Fed. Cir. 2009).

The *Dayco* court explained the rationale for its holding this way:  "Patent disclosures are often very complicated, and different examiners with different technical backgrounds and levels of understanding may often differ when interpreting such documents. Although examiners are not bound to follow other examiners' interpretations, knowledge of a potentially different interpretation is clearly information that an examiner could consider important when examining an application."  329 F.3d at 1368.  As the *Inverness* holding confirms, this reasoning applies equally well to foreign patent documents as to U.S. documents, particularly when, as here, it is PCT (Patent Cooperation Treaty) rejections for "lack of novelty" that were withheld, meaning that all of the elements of the claimed invention were found in a single prior-art document. (During her deposition, 55 Brake's patent counsel, asked whether the PCT novelty standard is "radically different" from the U.S. standard, admitted that "novelty is similar, in my experience, in many countries."  Doc. 168, Ex. 2 at 129:22–130:8.)

The potential importance of such documents, and the correctness of the *Dayco* reasoning, is illustrated by events in this case.  As 55 Brake noted in its arguments, the Deitchman prior-art patent was cited to the U.S. Patent and Trademark Office early in the prosecution of 55 Brake's patent application.  However, the U.S. examiner never issued a rejection based on, or any explicit analysis of, the Deitchman patent.  While the original U.S. prosecution proceeded, the European office issued the search report and rejection that were discussed during last week's hearing; those

**DEFENDANT VOLKSWAGEN'S SUPPLEMENT TO ITS OPPOSITION TO 55 BRAKE'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT - 3**

documents did analyze the Deitchman patent, and found that it described all the elements of 55

Brake's claim 27.  As discussed at the hearing, 55 Brake abandoned claim 27 in Europe but

continued to argue for its patentability in the U.S., ultimately obtaining allowance of the '587

patent without ever disclosing the European examiner's analysis of the Deitchman patent as it

related to 55 Brake's claimed invention.

Now, at Volkswagen Group's request, the U.S. Patent and Trademark Office is

reexamining the '587 patent.  And on December 10, the PTO ruled that the Deitchman patent

does anticipate 55 Brake's claims (in particular, issued claims 7, 9, 10, 26, and 40; issued claim 9

corresponds to application claim 27), just as the European examiner had determined (the

December 10 documents are attached as Exs. A and B to this letter; the Deitchman discussion is

on pp. 9–10 of Ex. A and pp. 5–6 of Ex. B).  The reexamination examiner noted that while the

Deitchman patent was in the file of the original prosecution, "the relevance of these references to

the patentability of the claims was not discussed" (Ex. A at 10 and Ex. B at 6).  Had 55 Brake

disclosed the European documents during the initial prosecution, instead of withholding them,

the relevance of Deitchman might well have been discussed and the asserted claims of the '587

patent never been issued; the withheld documents were, in this case, highly material.[1]

---

[1]   The German-language Semmler application was not submitted to the U.S. PTO in
connection with the reexamination, but the European patent documents (which discuss it in
connection with claim 1, which is not asserted in this case) are similarly highly material as they
relate to the Semmler application.  As argued in the briefing and at the hearing, the Semmler
application was misleadingly described by 55 Brake to the U.S. examiner during prosecution,
even while 55 Brake withheld the European patent-office documents that analyzed the Semmler
application, like the Deitchman patent, as being "of particular relevance" to the claims (Ex. 6 to
VWGoA's opposition brief at 55-Brake 001372–73) and as describing all of the elements of 55
Brake's claim 1 (Ex. 7 to VWGoA's opposition brief at 55-Brake 006481).

**DEFENDANT VOLKSWAGEN'S SUPPLEMENT TO ITS OPPOSITION
TO 55 BRAKE'S MOTION FOR SUMMARY JUDGMENT OF
NO INEQUITABLE CONDUCT - 4**

Respectfully submitted,

Date:  December 16, 2010

By: _____*/s/ Tyler J. Anderson*_____
    Stephen R. Thomas, ISB No. 2326
    Tyler J. Anderson, ISB No. 6632
    101 S. Capitol Blvd., 10th Floor
    Post Office Box 829
    Boise, Idaho 83701-0829
    Telephone (208) 345-2000
    Facsimile (208) 385-5384
    MOFFATT, THOMAS, BARRETT,
      ROCK & FIELDS, CHARTERED

    Michael J. Lennon
    Mark A. Hannemann
    Georg C. Reitboeck
    KENYON & KENYON LLP
    One Broadway
    New York, NY  10004
    Telephone: (212) 425-7200
    Facsimile:  (212) 425-5288

    Susan A Smith
    KENYON & KENYON LLP
    1500 K Street, NW
    Washington, DC  20005
    Telephone: (202) 220-4200
    Facsimile:  (202) 220-4201

    Attorneys for Audi of America, Inc. and
    Volkswagen Group of America, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

   I HEREBY CERTIFY that on the 16th day of December, 2010, I filed the foregoing **DEFENDANT VOLKSWAGEN GROUP OF AMERICA INC.'S SUPPLEMENT TO ITS OPPOSITION TO 55 BRAKE L.L.C.'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Matthew Prebeg**
mprebeg@clearmanprebeg.com
*Attorneys for Plaintiff*

**Stephen W. Abbott**
sabbott@clearmanprebeg.com
*Attorneys for Plaintiff*

**Frank J. Dykas**
frank@dykaslaw.com
*Attorneys for Plaintiff*

**Elizabeth H. Schierman**
schierman@dykaslaw.com
*Attorneys for Plaintiff*

**Michael J. Lennon**
mlennon@kenyon.com
*Attorneys for Defendant Volkswagen Group of America, Inc.*

**Georg C. Reitboeck**
greitboeck@kenyon.com
*Attorneys for Defendant Volkswagen Group of America, Inc.*

**Susan A. Smith**
ssmith@kenyon.com
*Attorneys for Defendant Volkswagen Group of America, Inc.*

**John N. Zarian**
zarian@zarianmidley.com
*Attorneys for Defendant BMW of North America, L.L.C., Mercedes-Benz USA, L.L.C., Ford Motor Company, Volvo Cars of North America, L.L.C., and Land Rover North America, Inc.*

**Dana M. Herberholz**
herberholz@zarianmidley.com
*Attorneys for Defendant BMW of North America, L.L.C., Mercedes-Benz USA, L.L.C., Ford Motor Company, Volvo Cars of North America, L.L.C., and Land Rover North America, Inc.*

**Clinton H. Brannon**
BrannonC@howrey.com
*Attorneys for Defendant BMW of North America, L.L.C. and Mercedes-Benz USA, L.L.C.*

**Thomas M. Dunham**
DunhamT@howrey.com
*Attorneys for Defendant BMW of North America, L.L.C. and Mercedes-Benz USA, L.L.C.*

**Vivian S. Kuo**
KuoV@howrey.com
*Attorneys for Defendant BMW of North America, L.L.C. and Mercedes-Benz USA, L.L.C.*

**Joseph P. Lavelle**
lavellej@howrey.com
*Attorneys for Defendant BMW of North
America, L.L.C. and Mercedes-Benz USA,
L.L.C.*

**Matthew J. Moore**
matthew.moore@lw.com
*Attorneys for Ford Motor Company, Volvo Cars
of North America, Inc. and Land Rover North
America, Inc.*

**Mark Hannemann**
mhannemann@kenyon.com
*Attorneys for Audi of America, Inc. and
Volkswagen Group of America, Inc.*

    */s/ Tyler J. Anderson*
Tyler J. Anderson

**DEFENDANT VOLKSWAGEN'S SUPPLEMENT TO ITS OPPOSITION
TO 55 BRAKE'S MOTION FOR SUMMARY JUDGMENT OF
NO INEQUITABLE CONDUCT - 7**