IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| 55 BRAKE, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>AUDI OF AMERICA, et al.,<br><br>      Defendants. | Case No. 1:CV 08-177-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it 55 Brake's motion for summary judgment on the defense of inequitable conduct. The motion was argued on December 8, 2010, and the Court took the motion under advisement. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

Defendant Volkswagen claims that the '587 patent is invalid due to plaintiff 55 Brake's inequitable conduct. Plaintiff 55 Brake seeks summary judgment striking this defense on the ground that the record contains no evidence from which a reasonable juror could find inequitable conduct.

In assessing summary judgment, the evidence is viewed "through the prism of the evidentiary standard of proof that would pertain at a trial on the merits." *TriMed, Inc. v.*

**Memorandum Decision & Order - 1**

*Stryker Corp.*, 608 F.3d 1333 (Fed.Cir. 2010). At trial, Volkswagen has the burden of showing by clear and convincing evidence that 55 Brake (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the PTO. *Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1364-65 (Fed. Cir. 2007). Thus, to fend off 55 Brake's summary judgment, Volkswagen must point to evidence in the record that a reasonable juror could construe as clear and convincing evidence of materiality and intent. *TriMed*, 608 F.3d at 1340. In determining whether Volkswagen has made this showing, the Court must construe all justifiable inferences in Volkswagen's favor. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed.Cir. 2010).

Because direct evidence of deceptive intent is rarely available, intent may be inferred from circumstantial evidence. *Optium Corp. v. Emcore Corp.*, 603 F.3d 1313, 1319 (Fed. Cir. 2010). Ultimately, materiality and intent to deceive are "distinct factual inquiries." *Syntex (USA) LLC v. Apotex, Inc.*, 407 F.3d 1371 (Fed.Cir. 2005). Here, there are factual questions on both issues that preclude summary judgment.

## Reinstatement

In its inequitable conduct defense, Volkswagen argues that 55 Brake intentionally let the '587 patent lapse by failing to pay the required patent fee. 55 Brake argues that the record contains no clear and convincing evidence from which a reasonable juror could find that 55 Brake's failure to pay was intentional.

55 Brake points to the deposition testimony of its principals showing that they

**Memorandum Decision & Order - 2**

intended to pay, and that the failure to pay was, at most, simply a mistake. The record also shows that 55 Brake was notified numerous times prior to that patent's expiration date of the need to pay the fee. At this time, 55 Brake was suffering financial difficulties. They had valued the patent at just over $1,000, a figure not much more than the overdue patent fee of $900.

When 55 Brake failed to pay the fee, the patent lapsed on September 18, 2006. About two months later, in early November of 2006, 55 Brake's patent counsel, Joseph Coppola, informed 55 Brake principal Dave MacGregor about the lapse and warned him that time was of the essence in getting the patent reinstated. Despite this, 55 Brake took no action to revive the patent until August of 2007, when MacGregor met with Edward Goldstein.

Under these facts, a reasonable juror (or trier of the fact) could infer that 55 Brake was simply negligent. The parties agree that even gross negligence is not sufficient to find intent. But a reasonable trier of fact could also find that clear and convincing evidence exists that the failure to pay was intentional given (1) the numerous warnings, (2) the length of the delay, (3) the low value of the patent, and (4) the deteriorating financial condition of 55 Brake.

Intent, as discussed above, is a factual inquiry. Much will hinge on the credibility of 55 Brake's principals concerning their intent. Given this, and that all inferences are to be made in Volkswagen's favor, the Court finds genuine issues of material fact over whether the nine month delay was intentional. While there are other reinstatement issues,

**Memorandum Decision & Order - 3**

the Court's finding on this issue is sufficient to deny summary judgment, and the Court will not discuss the other issues at this time.

**<u>Deitchman and Semmler Patents</u>**

Volkswagen argues that 55 Brake committed inequitable conduct by intentionally failing to provide the PTO with material information during the prosecution of the '587 patent. 55 Brake seeks summary judgment on the ground that Volkswagen has failed to produce clear and convincing evidence of this inequitable conduct.

The record does show that the European Patent Office (EPO) notified 55 Brake's patent counsel that claims 1 and 27 of the European Patent Application were not novel due to, respectively, the Semmler and Deitchman patents. Counsel for 55 Brake responded by withdrawing claim 27 and modifying claim 1. Both claims were substantially similar to the same numbered claims in 55 Brake's United States patent application for the '587 patent.

In prosecuting the '587 patent, 55 Brake's counsel provided the PTO with the Semmler and Deitchman patents (and Evers' explanation of the Semmler patent), but did not notify the PTO about the EPO's action and 55 Brake's response. The materiality of this failure is a central issue. A reasonable juror could find it material – common sense dictates that the PTO would be interested in the EPO's ruling on an identical issue, and how 55 Brake responded. At the same time, the standards employed by the EPO may be so different that its rulings are not relevant to the PTO. Moreover, there may be standard practices governing this issue. The effects of these governing standards and practices

**Memorandum Decision & Order - 4**

raise questions that may go to the heart of the materiality issue.  Materiality, as discussed above, is ultimately a question of fact, and cannot be determined as a matter of law on this record.

**Conclusion**

For all of these reasons, the Court will deny 55 Brake's motion for summary judgment.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (docket no. 159) is DENIED.



DATED:  **January 4, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 5**