IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| 55 BRAKE, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>AUDI OF AMERICA, et al.,<br><br>      Defendants. | Case No. 1:CV 08-177-BLW<br><br>**TRIAL SETTING ORDER** |

On July 7, 2011, the Court's staff held a status conference for the purpose of setting a trial date in this matter. Deadlines were discussed, and a dispute arose over whether dispositive motions would be allowed. The resolution of that dispute will affect all deadlines, as the Court will explain below.

This case was filed on April 21, 2008. A *Markman* hearing was held about a year later and the decision issued about a month after the hearing. Defendant Volkswagen then filed a motion for summary judgment, alleging that the patent was invalid. The Court denied that motion, issuing its decision about a month after the hearing. The Court then issued a Case Management Order (CMO), setting trial

**Order Setting Trial and Pretrial Conference - 1**

for January 24, 2011, and setting a dispositive motion deadline of September 13, 2010.

On June 8, 2010, about three months before that dispositive motion deadline expired, the parties filed a stipulated motion to strike that deadline, and all others in the CMO, and hold a bench trial limited solely to the issue of inequitable conduct. The parties also requested that the bench trial be delayed until after the Federal Circuit issued its decision in *Therasense v. Becton*, an en banc case that was expected to set a new standard for inequitable conduct.

The Court reluctantly agreed despite its fear that the stipulation "could substantially delay the final resolution of this case." *See Memorandum Decision (Dkt. 158)* at p. 3. The Court moved the trial date three months, from January to March of 2011. At the urging of the parties, to save them from incurring fees and costs that might be unnecessary, the Court vacated the deadlines in the CMO except as they related to inequitable conduct.

Plaintiffs promptly filed a motion for summary judgment alleging the lack of any evidence of inequitable conduct. The Court heard argument on December 8, 2010, and issued a decision about a month later denying the motion. Shortly thereafter, the Court issued an Order declaring that it would proceed with the March trial date even if *Therasense* had not been decided.

**Order Setting Trial and Pretrial Conference - 2**

The Court proceeded with trial on March 21, 2011, as scheduled. Following the trial, the Court allowed further briefing that was received May 2, 2011. Within a month of receiving that briefing, the Court rendered its decision finding no inequitable conduct.

If the Court had rejected the stipulation to hold a bench trial limited to inequitable conduct, this case would have been resolved in January of 2011. Instead, this case will linger well past a year from that date. With hindsight, the Court should have either rejected the stipulation or refused to strike the CMO deadlines.

This case is now over three years old. That is a travesty of justice. Yet Volkswagen seeks more time to file summary judgment motions.

The Court seriously considered denying Volkswagen's request. However, it is true that when the Court vacated the CMO deadlines at the urging of counsel, there remained about two months of time to file dispositive motions. Given that the prior period for filing dispositive motions was cut short by about two months, it would now be unfair to ban the defense from filing any dispositive motions.

Therefore, the Court will reluctantly allow the further filing of dispositive motions. The Court will expect adherence to the 20-page limit set by Local Rule; any request for over-length briefs will be denied except upon a showing of absolute

**Order Setting Trial and Pretrial Conference - 3**

necessity. Given this limit on briefing, the parties should carefully consider what, if any, issues should be raised as part of a summary judgment motion. Summary judgment should not be sought on a claim unless it clearly can be resolved as an issue of law or it truly does not involve **any** disputed issues of material fact. A shotgun approach to summary judgment will result in a shotgun decision from the Court summarily denying the motion.

Furthermore, to avoid delay the Court will not allow oral argument but will decide the motions on the briefs.

While the filing of dispositive motions will unavoidably add to the delay, the Court will tighten up the deadlines to move this case to trial as quickly as is consistent with fair play and substantial justice.

NOW THEREFORE IT IS HEREBY ORDERED that the following deadlines and procedures shall govern the remainder of this litigation:

1. <u>Experts</u>
    a. **September 23, 2011** is the deadline for the submission of all Rule 26 expert reports concerning issues on which a party has the burden of proof.
    b. **October 14, 2011,** is the deadline for the submission of all response expert reports.

c. **October 28, 2011**, is the deadline for the submission of all rebuttal expert reports.

d. **November 18, 2011**, is the deadline for the close of all expert discovery.

2. Dispositive Motions:

a. **December 9, 2011,** is the deadline for filing dispositive motions.

b. The Court will expect adherence to the 20-page limitation set by Local Rule and requests for overlength briefs will be denied except upon a showing of absolute need.

c. The Court will decide the motions on the briefs without oral argument.

3. Trial Date:

a. A five-day jury trial shall be set for **February 21, 2012, at 1:30 p.m.** in the Federal Courthouse in **Boise, Idaho**. Beginning on day two, trial shall begin at 8:30 a.m. and end at 2:30 p.m., with two fifteen minute breaks.

4. Pretrial Date:

a. A telephonic pretrial conference shall be held on **February 7, 2012, at 4:00 p.m.** Counsel for Plaintiff shall initiate the call. The Court

can be reached at (208) 334-9145. The purpose of the conference is to discuss and resolve (1) the legal issues remaining in the case; (2) evidentiary issues; (3) trial logistics; and (4) any other matter pertaining to the trial. Not less than twenty days prior to the date of the pretrial conference, the parties shall communicate and reach agreement on as many items as possible. The parties shall be prepared to discuss with the Court those items over which counsel disagrees.

5. Rule 702 Motions:

   a. In cases involving serious *Daubert* issues with challenges to expert witnesses, the parties shall contact *Law Clerk Dave Metcalf* on or before **October 28, 2011,** to determine whether a hearing is necessary.

6. Witness Lists:

   a. The parties shall exchange witness lists on or before **January 24, 2012**. The witness lists shall contain the material listed in F.R.C.P. 26(a)(3)(A)&(B), and shall include a full summary, not just the subject, of the witnesses' expected testimony.

7. Exhibit Lists, Exhibits, Proposed Voir Dire, Proposed Jury Instructions, Trial Briefs and Motions in Limine:

   a. All exhibit lists, proposed voir dire, proposed jury instructions, trial

briefs, and motions in limine shall be filed with the Court on or before **January 24, 2012.** On the same date the parties shall exchange all trial exhibits, but shall not provide them to the Court until the day of trial. Counsel shall only provide the Court with a set of original pre-marked exhibits. Because of the use of electronic evidence presentation systems, it is unnecessary to provide any copies. Counsel may wish to have available in the courtroom a copy of any exhibits which the Court may find difficult to review through the evidence presentation system. The exhibit lists shall follow the guidelines set out in Local Rule 16.3(f) to the extent it is not inconsistent with this Order. The exhibit lists shall be prepared on form provided by the Deputy Clerk, with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk. Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved for plaintiff's exhibits; exhibit numbers 2000 through 2999 shall be reserved for the first defendant listed on the caption; exhibit numbers 3000 through 3999 shall be reserved for the second defendant listed on the caption; and so on. Counsel shall review their exhibits, determine any duplication, and jointly mark and stipulate to

the admission of those exhibits that both sides intend to offer and rely upon. The proposed jury instructions shall follow the guidelines set out in Local Rule 51.1 to the extent it is not inconsistent with this Order. Additionally, counsel shall provide a clean copy of the Jury Instructions to the Court in Word Perfect format and emailed to [BLW_orders@id.uscourts.gov.](BLW_orders@id.uscourts.gov.)

8. Settlement/Mediation Deadline:

   a. The parties agree that they shall notify the Court on or before **January 16, 2012,** that the case has either settled or will definitely go to trial.

9. Trial Procedures:

   a. The Court will generally control voir dire, and counsel will be limited to 20-30 minutes. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

   b. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

c. During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m. and 2:30 p.m., except for two standard fifteen minute morning and afternoon recesses.

d. During the time the jury is in the jury box, no argument, beyond one-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. Almost all objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.). If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

e. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

f. When counsel announce the name of a witness called to testify, the Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the record. I will then indicate to counsel that she or he may inquire of the witness.

g. Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

h. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by last names.

i. You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid all contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

j. I try to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those

sessions will be held at the end of the trial day and may stretch into the evening. At the end of those sessions, we will have refined the issues of contention so that I can give you a set of my final instructions and you can state your objections on the record.

DATED: **July 8, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order Setting Trial and Pretrial Conference - 11**