IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| 55 BRAKE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AUDI OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:CV 08-177-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to amend the Protective Order governing this case. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

In this lawsuit, plaintiff 55 Brake alleges that defendant Volkswagen and others are infringing 55 Brake's patent, referred to as the '587 patent. To govern the discovery of confidential information, the parties entered into a Protective Order, approved by the Court. Among its provisions, the Protective Order barred counsel in this case from participating in any reexamination proceedings regarding the '587 patent in the Patent and Trademark Office (PTO):

> Unless otherwise directed by the Court or authorized in
> writing by the Producing Party, no person involved in Patent
> Prosecution (defined below) on behalf of Plaintiff 55 Brake,

**Memorandum Decision & Order - 1**

> L.L.C., including without limitation the inventors of any pending patent application described herein, shall have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of a Producing Party . . . For purposes of this Protective Order, Patent Prosecution shall be defined as preparing, drafting, reviewing, filing, responding to office actions, signing oaths or declarations, or prosecuting patent applications or patents, or assisting in any of those activities, with respect to . . . (c) any . . .re-examinations of any of the patents asserted in the current litigation . . . .

About two-and-a-half years after this lawsuit was filed, defendant Volkswagen filed a request with the PTO for reexamination of the '587 patent. 55 Brake retained a team of patent prosecution attorneys to represent it in those reexamination proceedings. By its motion, 55 Brake seeks to lift the ban on its litigation counsel from assisting the prosecution team during the reexamination. 55 Brake pledges that their assistance would be strictly limited to prior art issues and would not include any work leading to amendment of the patent claims. If the ban was lifted, 55 Brake asserts that its defense in the reexamination would be much more efficient because its litigation counsel are much more knowledgable about prior art issues than the prosecution team.

Volkswagen responds that 55 Brake's pledge is unrealistic because it will be impossible to sort out the confidential from the non-confidential while assisting the prosecution team. Moreover, Volkswagen argues, the reexamination request was anticipated and specifically addressed in the protective order, and the Court should not alter the agreement of the parties.

To modify the Protective Order, 55 Brake must show preliminarily how the

Protective Order would prejudice its case; "in other words, to demonstrate the requisite "good cause" to modify the order, [the movant must] demonstrate actual prejudice." *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 2010 WL 1904840 (E.D.Cal. May 10, 2010) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992)). If 55 Brake establishes good cause, then the court balances, "the risk of inadvertent disclosure of trade secrets . . . , against the risk . . . that protection of . . . trade secrets impaired prosecution [of 55 Brake's] claims." *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D.Cal.2000).

55 Brake argues that its defense of the reexamination proceeding would be more efficient if the ban was lifted. But that argument does not show how the ban works a prejudice to 55 Brake in this case. In general, inefficiency in legal representation does not amount to "actual prejudice."

55 Brake argues that the intent of the ban was that litigation counsel not use confidential information obtained in discovery to amend the patent claims. 55 Brake agrees not to seek any amendments to the patent claims and asserts that it will merely assist the prosecution team in responding to prior art claims. There are three flaws in this argument. First, although Volkswagen filed the reexamination proceedings long after this lawsuit was filed, the parties obviously anticipated a reexamination because they expressly addressed it in the Protective Order. Second, the ban is broad and cannot be read to protect only against the use of confidential information to amend claims. Third, it would have been easy for the drafters to narrow the ban to only apply to the amendment

**Memorandum Decision & Order - 3**

of claims, but the broad language was included instead.  Under these circumstances, the Court would have to rewrite the Protective Order to rule for 55 Brake.  That would be justified if 55 Brake could show that without an amendment, its pursuit of this case would be prejudiced.  But no such showing has been made, and in its absence, the risk of inadvertent disclosure is too great to warrant the amendment 55 Brake requests.  *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378-80 (Fed. Cir. 2010)(discussing the risk of inadvertent disclosure when patent litigation counsel become involved in patent prosecution).

The Court's conclusion is not based on a lack of confidence in 55 Brake's litigation counsel.  The Court is sure that counsel will not intentionally pass along any prohibited material to the prosecution team.  But it is very difficult to parse out the confidential from the non-confidential and avoid even an inadvertent disclosure.  *Id.* at 1378 (noting that that "[i]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so") (internal citation omitted).  Because of this, it is critical to draft a protective order to deal in detail with the use of confidential information in other proceedings.  That was not done here, at least to the extent now desired by 55 Brake.

For all of these reasons, the Court will deny the motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision & Order - 4**

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend protective order (docket no. 206) is DENIED.

DATED: **July 13, 2011**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 5**